IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JEFFREY ELMORE**                                                            **PLAINTIFF**
**ADC #091418**

V.                      **NO. 4:24-cv-00882-BRW-ERE**

**HANDLEY PLUMMER,** *et al.*                                  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**  **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.**  **Background:**

*Pro se* plaintiff Jeffrey Elmore, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc.2.* He sues Sergeant Handley Plummer, Disciplinary Court Officer Sylvia Russ, Leiutenant Latashia Taylor, Disciplinary Court Judge Justine Minor, East Building Major Jimmy Coleman, and Warden Gery Muselwhite. Mr. Elmore's complaint alleges

that: (1) on August 18, 2024, Defendants Taylor and Russ issued him a false disciplinary; (2) on September 10, 2024, Defendant Plummer "extended" the false disciplinary; (3) on September 11, 2024, Defendant Minor convicted him of the false disciplinary; and (4) Defendant Muselwhite "let the false disciplinary stand." *Doc. 2 at 5*. Mr. Elmore complains that such conduct violates his due process rights. He sues Defendants in both their individual and official capacity seeking monetary damages and injunctive relief.

For the reasons explained below, Mr. Elmore's complaint should be dismissed for failure to state a plausible constitutional claim for relief.

### III.   Discussion:

**A.   Standard**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Elmore has stated a plausible claim for relief under

§ 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

### B.   False Disciplinary

The issuance of a false disciplinary, without more, does not rise to the level of a constitutional violation. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (citing *Freeman v. Rideout*, 808 F.2d 949, 951–52 (2nd Cir.1986)). Filing a false disciplinary can violate the Constitution if done in retaliation for exercising a federally protected right, but here, Mr. Elmore has not alleged or identified any retaliatory motive that Defendants might have had to issue him a false disciplinary, convict him of a false disciplinary, or uphold that conviction.

### IV.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.   Mr. Elmore's complaint be DISMISSED, without prejudice.

2.   The Court recommend that, in the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g) and certify that an in forma pauperis

appeal of this dismissal would be frivolous and not taken in good faith.

3. The Clerk be instructed to close this case.

Dated 21 October 2024.

_____
UNITED STATES MAGISTRATE JUDGE